09-2956-ag
Haidara v. Holder

BIA
Morace, IJ
A095 571 761

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > C*ircuit Judges.*

-------------------------------------------

SEYDOU HAIDARA,
> *Petitioner*,

> v.                                                        09-2956-ag
>                                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

-------------------------------------------

FOR PETITIONER:          Ronald S. Salomon, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Susan K. Houser, Senior
                         Litigation Counsel; W. Daniel Shieh,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Seydou Haidara, a native and citizen of Sierra Leone, seeks review of a June 11, 2009, order of the BIA affirming the November 13, 2007, decision of Immigration Judge ("IJ") Phillip Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Seydou Haidara*, No. A095 571 761 (B.I.A. June 11, 2009), *aff'g* No. A095 571 761 (Immig. Ct. N.Y. City Nov. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where the BIA adopted the decision of the IJ and merely supplemented it, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We

2

review de novo questions of law and the BIA's application of law to undisputed facts. *Yanquin Weng*, 562 F.3d at 513.

Petitioners must raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially-imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Here, Haidara failed to challenge the IJ's dispositive adverse credibility determination on appeal to the BIA, and the Government has raised his failure to exhaust in its brief to this Court. Accordingly, we decline to consider this dispositive finding.[1] *See id*. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

---

[1] We note that Haidara was represented by the same attorney before the BIA as well as this Court. We are not in a position to determine here whether Haidara would succeed on a claim for ineffective assistance of counsel given the extremely stringent procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see also In re Compean*, 25 I. & N. Dec. 1 (A.G. 2009)(*Lozada* controls until such time, if any, as the Department of Justice establishes a superseding framework for review). But it appears to us, at minimum, that counsel fell short of his responsibilities to his client by failing to raise Haidara's claims before the BIA, resulting in Haidara's failure to exhaust these claims and foreclosing our review. We therefore instruct counsel specifically to call our concerns to Haidara's personal attention so that he is able to assess what further action he might pursue.

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk